IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY TECHNOLOGIES, INC. ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 06-666 |
| ) | Chief Judge Donetta W. Ambrose |
| STEVEN R. STRECKER ) ) | Magistrate Judge Lisa Pupo Lenihan |
| Defendant. ) | |

MEMORANDUM ORDER

Plaintiff's Complaint was received by the Clerk of Court and was subsequently referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation, filed at Doc. No. 30, recommended that this declaratory judgment action be transferred to the District Court for the District of Oregon. Service was made on all counsel of record. Objections to the Report and Recommendation were filed on March 2, 2007. A Response to the Objections was filed on March 8, asserting that the Objections were untimely; Plaintiff replied - correctly - on March 13 that they were not.

The Complaint filed in this action asserts that (1) "retirement" for purposes of Strecker's stock options was defined by reference to the applicable qualified pension plan; (2) Strecker was terminated and the June 28, 2000 Memorandum of Understanding cut short his notice period

with a lump-sum payment; (3) Strecker was 54 years old on June 28, 2000, and his termination did not qualify as a "retirement" under the Stock Option Agreement; and (4) because of Strecker's disagreement with Plaintiff ATI's interpretation of the Stock Option Agreement and the documents relating to the termination of his employment, ATI is entitled to a declaratory judgment.

As discussed at length in the Report and Recommendation, further pleadings and the documents filed of record indicate that the parties to this declaratory judgment action dispute whether Mr. Strecker's June 28, 2000 termination of employment with ATI's Oregon subsidiary marked a "buy-out" of a six-months' notice of termination without cause or a negotiated "retirement", a few weeks prior to his 55th birthday, by "arrangement" with his Oregon employer as permitted under the Stock Option Agreement. If the former, Mr. Strecker's options expired thirty days therefrom. If the latter, his options - valued in excess of $1M - were valid when he attempted to exercise them in 2006.

In its Objections to the Report and Recommendation, ATI objects on the ground that the Report misconstrues the nature of the dispute and reiterates its assertion that this is essentially a dispute about the meaning of the Stock Option Agreement. To that end Plaintiff identifies, for the *first* time and in sketchy terms, what it now contends is the central dispute, *i.e.*, Plaintiff contends - without further explanation - that the term "arrangement"in the Agreement's definition of retirement only refers to a non-qualified pension program and does not encompass an individual contract or agreement.

The Court notes that examination of the pleadings and briefs filed heretofore reveals no justiciable dispute regarding the meaning of the agreement. Without addressing the merits of Plaintiff's newly- proffered interpretation, the Court further observes that Plaintiff makes no attempt to weigh the asserted interpretive dispute against the Oregon-centered disputes concerning the terms of Strecker's termination of employment and, *e.g.*, whether Plaintiff is estopped by fraud or other prior conduct from contesting Defendant's interpretation.[1] In the Court's view, there is insufficient substance in Plaintiff's newly-specified interpretive dispute to alter the balance found in the Report and Recommendation. This is especially so in light of the fact that disputes concerning misrepresentation, reliance, estoppel and the like ordinarily present triable issues (without regard to the particulars of this case), whereas disputes regarding plan interpretation are often resolvable by the court without trial.[2]

Plaintiff further objects to the Report because it did not expressly address a purportedly "compelling" and "factually identical" case from the District of Massachusetts. See Objections at 7 (citing ScanSoft, Inc. v. Smart, 2003 WL 23142188 (D. Mass. Nov. 17, 2003)). In this two page opinion, the District Court exercised personal jurisdiction over a defendant who served as a director of the Plaintiff Massachusetts-based corporation, and received stock options in consideration of those services, including services rendered in Massachusetts. This is a far cry

---

1. The Memorandum Of Understanding executed by Strecker and his Oregon employer, and provided as an Exhibit to Plaintiff's Objections, appears to lend substantial weight to the Oregon dispute since it contains Oremet's express acknowledgment of Strecker's intention to "retire".

2. Even in the case of ambiguity, such issues may yet be resolvable by application of interpretive rules such as *contra proferentem,* without the need for witness testimony.

3

from the present case, in which the nexus between ATI, Strecker and the stock options centers on Strecker's service in Oregon for his Oregon-based employer.

Accordingly, after review of the pleadings and documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 16th day of March, 2007:

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or Transfer be granted in the form of transfer of this action to the United States District Court for the District of Oregon.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Lenihan dated February 13, 2007, is adopted as the Opinion of the Court.

Donetta W. Ambrose
United States District Chief Judge

cc: All Counsel of Record